COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


ANTONIO LAMONT HARRIS

OPINION BY
v.        Record No. 2795-09-1        JUDGE ROBERT J. HUMPHREYS
NOVEMBER 2, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Kimberly Enderson Hensley, Assistant Public Defender (Office of
the Public Defender, on brief), for appellant.

Richard B. Smith, Special Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Antonio Lamont Harris ("Harris") was convicted, pursuant to a plea of guilty, in the

Circuit Court of the City of Hampton ("trial court") of credit card theft, and a revocation hearing

was held on his previous five-year suspended sentence for embezzlement. Harris was sentenced

to five years in the state penitentiary with four years suspended for five years on the credit card

theft. The trial court revoked Harris's five-year suspended sentence for embezzlement and

re-suspended four years thereof for five years. On appeal, Harris contends that the trial court

erred in holding it lacked jurisdiction to consider his motion for reconsideration of his sentences

for credit card theft and, upon revocation, for embezzlement because appellant had noted appeals

to the Court of Appeals of Virginia for both cases. For the following reasons, we reverse the trial

court's decision and remand for further proceedings if the provisions of Code § 19.2-303 are

applicable at that time.

BACKGROUND

On May 27, 2009, the trial court sentenced Harris to five years, with four years suspended for five years, for the felony credit card theft, and revoked a previously suspended five-year sentence for felony embezzlement, but re-suspended four years for five years, giving him a cumulative term of two years.

On June 10, 2009, Harris's counsel filed a notice of appeal to this Court in the embezzlement revocation case, and a notice of appeal to this Court on June 25, 2009, in the credit card theft case.

On August 18, 2009, Harris's counsel filed a motion in the trial court for reconsideration of the sentences in the trial court on the basis that Harris had qualified for an "in-house treatment program." Harris asserted in the motion that "[t]his Honorable Court has jurisdiction over your Defendant's case, as your Defendant continues to reside in a local jail and has not been handed over to the Virginia Department of Corrections." On September 10, 2009, the Commonwealth filed a response to Harris's motion for reconsideration of sentences, and in it confirmed that "[a]pparently thereafter [Harris] was accepted into a community based program" and that "the Commonwealth would ask for a hearing on this matter." The Commonwealth did not challenge the assertion that Harris was, at that time, still in the local jail.

On October 6, 2009, Harris's petitions for appeal were filed in this Court in both the embezzlement and credit card theft cases.

On November 10, 2009, the Commonwealth filed a motion to dismiss for lack of jurisdiction with the trial court asserting that "[s]ince this matter is now pending before the Court of Appeals, this [c]ourt lacks jurisdiction to review the sentence which is now the subject of appellate review." The Commonwealth's motion further erroneously asserted that "[t]he

Appellant's Brief and the Commonwealth's Brief in Opposition have been filed with the Court of Appeals."[1]

Also on November 10, 2009, Harris's counsel filed a motion in opposition to the Commonwealth's motion to dismiss for lack of jurisdiction in which he again stated that Harris "remains in a local jail."

On December 4, 2009, the trial court held a hearing, at which Harris was present, on Harris's motion for reconsideration of his sentences. Argument was limited at the hearing to the Commonwealth's motion to dismiss Harris's motion for reconsideration for lack of jurisdiction, since Harris had appealed the final judgments in both of his cases to this Court. At the hearing on Harris's motion, the trial court agreed with the position of the Commonwealth that it lacked jurisdiction to modify the sentences "[b]ecause it's my view since the writ has been granted from the court of appeals. They have the case. . . . I think that, procedurally, once the court of appeals grants the writ, then they should handle it." The trial court then dismissed Harris's motion for reconsideration based on lack of jurisdiction.

On December 30, 2009, Harris's petitions for appeal were denied by this Court, and he did not appeal the denial of his petitions to the Supreme Court of Virginia. This appeal followed.

ANALYSIS

A. Custody Status at the Time of the Hearing

Rule 1:1 of the Rules of the Supreme Court of Virginia provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the

---

[1] The Commonwealth correctly noted in its brief before this Court that this assertion was erroneous and that at the time of the hearing in the trial court on the motion to reconsider Harris's sentences, Harris had filed petitions for appeal in this Court, which had not yet been acted upon.

date of entry, and no longer." "'Thus, once the twenty-one-day time period following the entry of a final sentencing order has run without modification, vacation, or suspension of that order, the trial court loses jurisdiction to disturb the order, unless an exception to Rule 1:1 applies.'" Wilson v. Commonwealth, 54 Va. App. 631, 639, 681 S.E.2d 74, 78 (2009) (quoting Patterson v. Commonwealth, 39 Va. App. 610, 614, 575 S.E.2d 583, 585 (2003)).

> "An exception to [Rule 1:1] is found in Code § 19.2-303." Russnak v. Commonwealth, 10 Va. App. 317, 325, 392 S.E.2d 491, 495 (1990). "By its explicit terms," Code § 19.2-303 "permits a trial judge to retain jurisdiction to suspend or modify a sentence beyond the twenty-one day limit of Rule 1:1 [] if the person sentenced for a felony has not been transferred to the Department of Corrections." D'Alessandro v. Commonwealth, 15 Va. App. 163, 168, 423 S.E.2d 199, 202 (1992). Under Code § 19.2-303, trial courts may modify a defendant's sentence if it is "compatible with the public interest and there are circumstances in mitigation of the offense."

Wilson, 54 Va. App. at 639-40, 681 S.E.2d at 78 (bracketed parts in original). Code § 19.2-303 provides in pertinent part:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence. The court may place the person on probation for such time as the court shall determine.

Thus, Code § 19.2-303 operates as a statutory exception to Rule 1:1, and if the requirements of Code § 19.2-303 are satisfied, the trial court retains jurisdiction to modify a sentence even after twenty-one days from entry of the final order.[2]

---

[2] The Virginia Constitution provides in Article VI, Section 5 that the "general law" established by the General Assembly prevails over conflicting Rules of the Supreme Court. Moreover, Code § 8.01-3 provides that "[i]n the case of any variance between a rule and an enactment of the General Assembly such variance shall be construed so as to give effect to such enactment."

The burden is thus on the defendant, as the moving party, to prove that the trial court had jurisdiction to hear the matter by showing either that twenty-one days had not elapsed and thus the sentencing order was not yet final, or that the defendant had not been transferred to the custody of the Department of Corrections and "it appears compatible with the public interest and there are circumstances in mitigation of the offense." Code § 19.2-303; see Ziats v. Commonwealth, 42 Va. App. 133, 139, 590 S.E.2d 117, 120 (2003) (holding the trial court did not have jurisdiction to modify a sentencing order when faced with a record that did not show the defendant's custody status); D'Alessandro, 15 Va. App. at 168, 423 S.E.2d at 202 (declining to find the trial court had jurisdiction to modify a sentencing order under Code § 19.2-303 where the record was silent on the defendant's custodial location).[3]

> Whether [appellant] was in the custody of the local sheriff, and not in the custody of the DOC, when the court entered the . . . order is a question of fact which we review in the light most favorable to the Commonwealth. Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997). A trial court's factual determinations are binding on appeal unless plainly wrong. Naulty v. Commonwealth, 2 Va. App. 523, 527, 346 S.E.2d 540, 542 (1986).

Ziats, 42 Va. App. at 139, 590 S.E.2d at 120.

Before reaching the merits of Harris's arguments, we must first address the Commonwealth's argument that the record in this case does not establish whether the trial court still had jurisdiction when it denied Harris's motion to reconsider his sentence on December 4, 2009, and thus the trial court necessarily reached the right result even if it did so for the wrong

---

[3] In McCoy v. McCoy, 55 Va. App. 524, 528, 687 S.E.2d 82, 84 (2010) (quoting Watkins v. Fairfax County Dep't of Family Servs., 42 Va. App. 760, 771, 595 S.E.2d 19, 25 (2004)), this Court stated the general rule that "[w]hen a party files a notice of appeal, that notice 'effectively transfers jurisdiction from the lower court to the appellate court and places the named parties within the jurisdiction of the appellate court.'" However, McCoy is not controlling in this case because Code § 19.2-303 is an exception to the general rule as noted above, and was not applicable in McCoy.

reason. Specifically, it contends that the record does not disclose whether Harris had been transferred to the Department of Corrections on December 4, 2009. We disagree.

In this case, Harris's motion to reconsider his sentence was filed on August 18, 2009, which is well after the twenty-one-day mark from the final order entered on May 27, 2009. Thus, Harris had the burden of proving that the trial court had continuing jurisdiction to modify his sentence under Code § 19.2-303 – that he had not been transferred to the Department of Corrections. Harris's motion for reconsideration filed on August 18, 2009, contains the following proffer: "[t]his Honorable Court has jurisdiction over your Defendant's case, as your Defendant continues to reside in a local jail and has not been handed over to the Virginia Department of Corrections." Further, in Harris's response to the Commonwealth's motion to dismiss for lack of jurisdiction filed on November 10, 2009, he again stated that Harris "remains in a local jail." Lastly, the record establishes that the Commonwealth's response to the motion to reconsider does not dispute, and thus implicitly concedes, that Harris had not yet been transferred to the custody of the Department of Corrections, a fact further corroborated by Harris's presence in the courtroom on December 4, 2009, when the hearing was held. See Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81-82 (1977) ("[C]ounsel's avowal, the truth of which was unchallenged by the Commonwealth, constituted a proper proffer . . . .")[4]; see also Bloom v. Commonwealth, 262 Va. 814, 821, 554 S.E.2d 84, 88 (2001) (holding the trial court did not err in relying on the unchallenged pretrial proffer of facts by the Commonwealth).

---

[4] We note that the Commonwealth concedes on brief that the contentions that Harris was still in the local jail in Harris's motion to reconsider the sentence and his response to the Commonwealth's motion to dismiss for lack of jurisdiction were not disputed by the prosecutor, and were a proper proffer in light of Whittaker. The Commonwealth then stated that the trial court had jurisdiction to consider Harris's motions on both August 18, 2009 and November 10, 2009. However, the Commonwealth did not concede that these facts support the conclusion that the trial court still had jurisdiction on December 4, 2009.

Based on this evidence, we cannot say that the record was silent or that Harris failed to establish that he had not been transferred to the custody of the Department of Corrections at the time of the hearing. Thus, the trial court did not err in its factual determination with regard to Harris's custody status at the time of the December 4, 2009 ruling.

B. Motion for Reconsideration

Harris contends that, having established that he had not been transferred to the custody of the Department of Corrections, the trial court erred when it held that it lacked jurisdiction to consider his motion for reconsideration of his sentences because Harris had filed appeals to this Court in both cases.

"Although the trial court's findings of historical fact are binding on appeal unless plainly wrong, we review the trial court's statutory interpretations and legal conclusions *de novo*." Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998) (citing Timbers v. Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 235-36 (1998)).

Here the trial court drew the entirely logical, though erroneous, conclusion that it had lost jurisdiction once Harris had appealed the final judgments in his cases to this Court. Code § 17.1-406(a) provides that the criminal appellate jurisdiction of this Court applies to a "final conviction in the circuit court." Thus, the trial court's conclusion makes sense on several levels. First, it is not hard to conceive of the chaos and confusion that would ensue if the judgments and underlying analyses of this Court were based upon conviction and sentencing orders that were not in fact final due to overlapping concurrent jurisdiction with, and pending proceedings in, the circuit courts. Second, by appealing his convictions to this Court, Harris was asserting that the judgments in his cases were final and ripe for review by this Court.

However, the General Assembly ultimately determines the jurisdictional parameters of the Commonwealth's courts, and however problematic the conceivable consequences may be,

we are bound by the statutory scheme. In Stamper v. Commonwealth, 228 Va. 707, 324 S.E.2d 682 (1985), the Supreme Court of Virginia addressed six issues on appeal, one of which involved the application of Code § 19.2-303. The Supreme Court affirmed five of the assignments of error, but remanded the sixth for a hearing on a motion for modification of the sentence after noting that the appellant's "motion for a suspension of the sentence . . . is still within the [trial] court's jurisdiction by virtue of Code § 19.2-303." Id. at 720, 324 S.E.2d at 690. In noting that the motion was still within the circuit court's jurisdiction, the Supreme Court specifically pointed out that the appellant had not been committed to the penitentiary at the time of the opinion due to the continuance of his appearance bond pending appeal. Id. The Supreme Court then remanded the case to the trial court for consideration of the motion for suspension of sentence and probation "in light of the circumstances found to exist when the matter is heard." Id. In remanding the issue with respect to the motion to suspend the sentence after considering Code § 19.2-303 while simultaneously deciding the remaining issues on appeal, the Supreme Court implicitly held that the General Assembly intended that a circuit court retains jurisdiction under Code § 19.2-303 regardless of any pending appeal so long as the requirements of Code § 19.2-303 are met at the time the circuit court addresses the motion.

Therefore, in this case, regardless of when this Court obtained jurisdiction, the circuit court also retained jurisdiction to modify the sentence under Code § 19.2-303 during and after the appeal so long as Harris had not been transferred to the Department of Corrections at the time of the hearing. Thus, we reverse the trial court's holding that it lacked jurisdiction when this matter was originally heard, and remand for consideration of Harris's motion for reconsideration

of his sentence "in light of the circumstances found to exist when the matter is heard." Stamper, 228 Va. at 720, 324 S.E.2d at 690.[5]

## C. Harmless Error

The Commonwealth argues that if the trial court erred in dismissing the motion for lack of jurisdiction, it was harmless error because Harris failed to present evidence that would have justified a modification or suspension of his sentence as is required under Code § 19.2-303. "[A]n error is harmless if 'it plainly appears from the record that appellant's motion for sentence modification would have been denied had the court entertained it.'" Wilson v. Commonwealth, 54 Va. App. 631, 641, 681 S.E.2d 74, 79 (2009) (quoting Esparza v. Commonwealth, 29 Va. App. 600, 608, 513 S.E.2d 885, 889 (1999)). "In order for a trial court to modify a sentence pursuant to Code § 19.2-303, the defendant must present the trial court with 'circumstances in mitigation of the offense.'" Id. (quoting Code § 19.2-303).

> The General Assembly has not defined the phrase "circumstances in mitigation of the offense" for the purposes of Code § 19.2-303. Generally, mitigating circumstances include "[e]vidence of a good previous record, and extenuating circumstances tending to explain, but not excuse, the commission of" the crime. Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 236 (1999). A mitigating circumstance is "a fact or situation that does not bear on the question of the defendant's guilt, but that is considered by the court in imposing punishment, esp. in lessening the severity of a sentence." Black's Law Dictionary 260 (8th ed. 2004).

Id.

In this case, the trial court limited the December 4, 2009 hearing to the specific issue of the trial court's jurisdiction to hold a reconsideration hearing in light of the pending appeals, and

---

[5] Since the record is silent as to whether Harris has since been transferred to a receiving unit of the Department of Corrections, we do not consider whether Harris's motion to reconsider is now moot, thus rendering any error harmless as a matter of law and remand for the trial court to make that determination.

no evidence was presented or heard on the merits of the motion.[6]  Given the limited scope of the

record before us, we cannot assume that Harris's motion for sentence modification would have

been denied had the court entertained it, thus constituting harmless error.

<u>Reversed and remanded.</u>

---

[6] The only evidence in the record of circumstances in mitigation was the acceptance letter from Victory Gospel Chapel that the appellant attached to his motion for reconsideration of sentences.