COURT OF APPEALS OF VIRGINIA

Present:   Senior Judges Annunziata, Frank and Petty

RYAN BRANDON LITTLE

                                                    MEMORANDUM OPINION*
v.        Record No. 1361-21-1                           PER CURIAM
                                                       AUGUST 16, 2022

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                          David W. Lannetti, Judge

               (Kristin Paulding; 7 Cities Law, on brief), for appellant.

               (Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
               Attorney General, on briefs), for appellee.


        It appears to the Court that the appellant's copy of the opinion rendered in this case on May

31, 2022 was returned as undeliverable.  Accordingly, that opinion is withdrawn, the mandate

entered on that date is vacated, and the following opinion is entered in lieu thereof:

        Appellant's counsel has moved for leave to withdraw.  The motion to withdraw is

accompanied by a brief referring to the part of the record that might arguably support this appeal.

A copy of that brief has been furnished to appellant with sufficient time for him to raise any

matter that he chooses.  On appeal, appellant argues that the trial court erred in denying his motion

to reconsider his sentence without a hearing.  He also appears to argue, *pro se*, that the trial court

failed to consider the hardships he had experienced while incarcerated in federal prison during the

COVID-19 pandemic.  We have reviewed the parties' pleadings, fully examined the proceedings,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and determined the case to be wholly without merit as set forth below. Thus, the panel unanimously holds that oral argument is unnecessary. *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"On appeal, we view the record in the light most favorable to the Commonwealth because it was the prevailing party below." *Delp v. Commonwealth*, 72 Va. App. 227, 230 (2020).

In accordance with a plea agreement dated August 28, 2018, appellant entered a guilty plea to possessing drugs with the intent to distribute. The plea agreement capped the maximum active sentence to be imposed at the midpoint of the sentencing guidelines. The stipulation of facts indicated that appellant sold cocaine to an undercover police officer who was posing as a prostitute. At sentencing, defense counsel requested an active sentence of three years and three months of imprisonment, which was the low end of the sentencing guidelines. The trial court sentenced appellant to five years of imprisonment with all but three years and three months suspended. In determining the sentence, the trial court indicated that it considered that appellant might face federal imprisonment for a crime of human trafficking arising out of the same incident. The trial court entered its sentencing order on January 3, 2019.

On October 28, 2021, appellant filed a *pro se* motion for reconsideration of sentence. Appellant maintained that he had been prosecuted and convicted in federal court "for the same criminal conduct." He asked the trial court to reconsider his sentence and order it to run concurrently with his federal sentence. He also advised the trial court of hardships he had experienced during the COVID-19 pandemic. By an email to the trial court, the Commonwealth objected to any reconsideration of appellant's sentence. The trial court denied appellant's motion by order entered on November 2, 2021. This appeal followed.

- 2 -

DISCUSSION

Under Rule 1:1(a), a trial court generally retains jurisdiction to modify, vacate, or suspend final orders for only twenty-one days after the date of entry. Rule 1:1(a). "Expiration of the twenty-one day time limitation divests the trial court of jurisdiction." *Stokes v. Commonwealth*, 61 Va. App. 388, 392 (2013) (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 138 (2003)). Clearly, more than twenty-one days passed after entry of appellant's 2019 sentencing order when appellant filed his motion for reconsideration of sentence.

Code § 19.2-303 provides an exception to Rule 1:1(a) under limited circumstances. Under Code § 19.2-303,

> [i]f a person has been sentenced for a felony to the Department of Corrections (the Department), the court that heard the case, *if it appears compatible with the public interest and there are circumstances in mitigation of the offense*, may, at any time before the person is transferred to the Department, or within 60 days of such transfer, suspend or otherwise modify the unserved portion of such a sentence.

(Emphasis added).

"In order for a trial court to modify a sentence pursuant to Code § 19.2-303, the defendant must present the trial court with 'circumstances in mitigation of the offense.'" *Wilson v. Commonwealth*, 54 Va. App. 631, 641 (2009) (quoting Code § 19.2-303). The burden of proving that "it appears compatible with the public interest and there are circumstances in mitigation of the offense" is upon the defendant as the moving party. *Harris v. Commonwealth*, 57 Va. App. 205, 212 (2010) (quoting Code § 19.2-303). "In reviewing whether the trial judge abused his exercise of discretion in sentencing a defendant, we do not substitute our judgment for that of the trial judge." *Baldwin v. Commonwealth*, 43 Va. App. 415, 426 (2004).

Appellant's motion for reconsideration did not present any circumstances in mitigation of his crime of possessing drugs with the intent to distribute.[1] Contrary to appellant's suggestion otherwise, there was no indication that he was sentenced both in federal and state court for the same offense, although the two offenses arose out of the same course of conduct. At the sentencing hearing, the trial court indicated that, in fashioning appellant's sentence, it considered the likelihood that appellant would face a federal sentence as well. Appellant also provided the trial court with no basis to conclude that the active sentence of three years and three months, which appellant himself requested, should be modified in light of conditions relating to the COVID-19 pandemic. Therefore, he failed to sustain his burden to demonstrate that he was entitled to relief under Code § 19.2-303.

Appellant argues that the trial court erred in denying the motion to reconsider his sentence without a hearing. Code § 19.2-303 contains no requirement that a trial court hold a hearing upon a motion for reconsideration or modification of sentence.[2] Upon these facts and circumstances, we find no abuse of discretion in the trial court's decision to deny appellant's motion for reconsideration of sentence.

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). This Court's records shall reflect

---

[1] We assume for the sake of argument that appellant had not been transferred to the Virginia Department of Corrections when he filed his motion for reconsideration of sentence. We note, however, that under Code § 19.2-303 it is the defendant's burden to prove that he has not yet been transferred to the Department of Corrections. *See D'Alessandro v. Commonwealth*, 15 Va. App. 163, 168 (1992).

[2] In his brief, without any legal authority in support, appellant avers that the trial court "should not have considered the position of the Commonwealth" in denying the motion for reconsideration. Appellant's brief does not contain an assignment error asserting this claim. "Only assignments of error listed in the brief will be noticed by this Court." Rule 5A:20(c)(1). Therefore, we do not consider this issue on appeal.

that Ryan Brandon Little is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*

Present:   Senior Judges Annunziata, Frank and Petty

RYAN BRANDON LITTLE

MEMORANDUM OPINION*

v.        Record No. 1361-21-1                         PER CURIAM
                                                       MAY 31, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
David W. Lannetti, Judge

(Kristin Paulding; 7 Cities Law, on brief), for appellant.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on briefs), for appellee.


Appellant's counsel has moved for leave to withdraw. The motion to withdraw is

accompanied by a brief referring to the part of the record that might arguably support this appeal.

A copy of that brief has been furnished to appellant with sufficient time for him to raise any

matter that he chooses. On appeal, appellant argues that the trial court erred in denying his motion

to reconsider his sentence without a hearing. He also appears to argue, *pro se*, that the trial court

failed to consider the hardships he had experienced while incarcerated in federal prison during the

COVID-19 pandemic. We have reviewed the parties' pleadings, fully examined the proceedings,

and determined the case to be wholly without merit as set forth below. Thus, the panel

unanimously holds that oral argument is unnecessary. *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, we view the record in the light most favorable to the Commonwealth because it was the prevailing party below." *Delp v. Commonwealth*, 72 Va. App. 227, 230 (2020).

In accordance with a plea agreement dated August 28, 2018, appellant entered a guilty plea to possessing drugs with the intent to distribute. The plea agreement capped the maximum active sentence to be imposed at the midpoint of the sentencing guidelines. The stipulation of facts indicated that appellant sold cocaine to an undercover police officer who was posing as a prostitute. At sentencing, defense counsel requested an active sentence of three years and three months of imprisonment, which was the low end of the sentencing guidelines. The trial court sentenced appellant to five years of imprisonment with all but three years and three months suspended. In determining the sentence, the trial court indicated that it considered that appellant might face federal imprisonment for a crime of human trafficking arising out of the same incident. The trial court entered its sentencing order on January 3, 2019.

On October 28, 2021, appellant filed a *pro se* motion for reconsideration of sentence. Appellant maintained that he had been prosecuted and convicted in federal court "for the same criminal conduct." He asked the trial court to reconsider his sentence and order it to run concurrently with his federal sentence. He also advised the trial court of hardships he had experienced during the COVID-19 pandemic. By an email to the trial court, the Commonwealth objected to any reconsideration of appellant's sentence. The trial court denied appellant's motion by order entered on November 2, 2021. This appeal followed.

DISCUSSION

Under Rule 1:1(a), a trial court generally retains jurisdiction to modify, vacate, or suspend final orders for only twenty-one days after the date of entry. Rule 1:1(a). "Expiration of

the twenty-one day time limitation divests the trial court of jurisdiction." *Stokes v. Commonwealth*, 61 Va. App. 388, 392 (2013) (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 138 (2003)). Clearly, more than twenty-one days passed after entry of appellant's 2019 sentencing order when appellant filed his motion for reconsideration of sentence.

Code § 19.2-303 provides an exception to Rule 1:1(a) under limited circumstances. Under Code § 19.2-303,

> [i]f a person has been sentenced for a felony to the Department of Corrections (the Department), the court that heard the case, *if it appears compatible with the public interest and there are circumstances in mitigation of the offense*, may, at any time before the person is transferred to the Department, or within 60 days of such transfer, suspend or otherwise modify the unserved portion of such a sentence.

(Emphasis added).

"In order for a trial court to modify a sentence pursuant to Code § 19.2-303, the defendant must present the trial court with 'circumstances in mitigation of the offense.'" *Wilson v. Commonwealth*, 54 Va. App. 631, 641 (2009) (quoting Code § 19.2-303). The burden of proving that "it appears compatible with the public interest and there are circumstances in mitigation of the offense" is upon the defendant as the moving party. *Harris v. Commonwealth*, 57 Va. App. 205, 212 (2010) (quoting Code § 19.2-303). "In reviewing whether the trial judge abused his exercise of discretion in sentencing a defendant, we do not substitute our judgment for that of the trial judge." *Baldwin v. Commonwealth*, 43 Va. App. 415, 426 (2004).

Appellant's motion for reconsideration did not present any circumstances in mitigation of his crime of possessing drugs with the intent to distribute.[3] Contrary to appellant's suggestion

---

[3] We assume for the sake of argument that appellant had not been transferred to the Virginia Department of Corrections when he filed his motion for reconsideration of sentence. We note, however, that under Code § 19.2-303 it is the defendant's burden to prove that he has not yet been transferred to the Department of Corrections. *See D'Alessandro v. Commonwealth*, 15 Va. App. 163, 168 (1992).

otherwise, there was no indication that he was sentenced both in federal and state court for the same offense, although the two offenses arose out of the same course of conduct. At the sentencing hearing, the trial court indicated that, in fashioning appellant's sentence, it considered the likelihood that appellant would face a federal sentence as well. Appellant also provided the trial court with no basis to conclude that the active sentence of three years and three months, which appellant himself requested, should be modified in light of conditions relating to the COVID-19 pandemic. Therefore, he failed to sustain his burden to demonstrate that he was entitled to relief under Code § 19.2-303.

Appellant argues that the trial court erred in denying the motion to reconsider his sentence without a hearing. Code § 19.2-303 contains no requirement that a trial court hold a hearing upon a motion for reconsideration or modification of sentence.[4] Upon these facts and circumstances, we find no abuse of discretion in the trial court's decision to deny appellant's motion for reconsideration of sentence.

## CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). This Court's records shall reflect that Ryan Brandon Little is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*

---

[4] In his brief, without any legal authority in support, appellant avers that the trial court "should not have considered the position of the Commonwealth" in denying the motion for reconsideration. Appellant's brief does not contain an assignment error asserting this claim. "Only assignments of error listed in the brief will be noticed by this Court." Rule 5A:20(c)(1). Therefore, we do not consider this issue on appeal.

- 4 -