COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Ortiz and Raphael

JUAN JAVIER WENZLAFF

v.      Record No. 0549-22-2

COMMONWEALTH OF VIRGINIA                    MEMORANDUM OPINION*
                                                      PER CURIAM
JUAN JAVIER WENZLAFF                         FEBRUARY 28, 2023

v.      Record No. 1095-22-2

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HANOVER COUNTY
Patricia Kelly, Judge

(Dennis J. McLoughlin, Jr.; McLoughlin Law PLC, on briefs), for
appellant.

(Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
Assistant Attorney General, on brief), for appellee.


Following no-contest pleas, the trial court convicted Juan Javier Wenzlaff of

strangulation (Code § 18.2-51.6) and assault and battery of a family member, third or subsequent

offense (Code § 18.2-57.2(B)). The court sentenced Wenzlaff to ten years' incarceration,

suspending six years and nine months. Wenzlaff argues that the trial court erred by denying his

motion to reconsider the sentence without affording him a hearing. After examining the briefs

and record, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Finding no legal support for

Wenzlaff's claim, we affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard" the defendant's evidence when it conflicts with the Commonwealth's evidence, "regard as true all the credible evidence favorable to the Commonwealth," and read "all fair inferences" in the Commonwealth's favor. *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Before accepting Wenzlaff's no-contest pleas, the trial court conducted a thorough colloquy to ensure that the pleas were entered freely and voluntarily.[1] During the colloquy, Wenzlaff confirmed he understood that he faced up to ten years' incarceration and that the trial court was not bound by the discretionary sentencing guidelines. He assured the trial court that he understood and truthfully answered the court's questions, and he declined the opportunity to ask any questions.

The Commonwealth proffered that Wenzlaff "sexually assaulted and raped" his girlfriend. After she "kicked" Wenzlaff away, "he punched her in the face, drank a few more beers then put his hands around her neck" and "squeezed." She "couldn't breathe" and nearly lost consciousness. When she managed to call 911, the operator heard "someone choking in the background," but the call was a "hang-up." The 911 operator dispatched the police to the victim's residence. When the police arrived, the victim "had swelling on her neck" and "damage" to her face. At the magistrate's office, Wenzlaff said that he "put that bitch in a choke hold" but denied punching her in the face.

---

[1] Wenzlaff pleaded not guilty to rape and possession of a Schedule I or II controlled substance. The trial court granted Wenzlaff's motion to strike the Commonwealth's evidence on the possession charge. A jury then acquitted Wenzlaff of rape.

Wenzlaff and the victim lived together in Hanover County when the offenses occurred, and Wenzlaff had "several" prior domestic assault convictions, some involving the victim. Wenzlaff agreed that the Commonwealth's proffer was a "[f]air and accurate summary."

The trial court accepted Wenzlaff's pleas, continued the matter for sentencing, and ordered a presentence investigation report. The presentence report stated that Wenzlaff had spent time in the foster-care system as a child and had been "living independently . . . since his emancipation at age 14." He had received "mental health services for a considerable time period," including "counseling, psychiatry services, crisis services residential treatment, [and] community day support programming." The report also reflected that Wenzlaff "acknowledged" that his offenses were "wrong" and that he apologized "for the way he acted."

At the sentencing hearing on March 8, 2022, Wenzlaff presented no evidence and asked the trial court to sentence him to "time served." The sentencing guidelines recommended between eleven months' incarceration and three years and three months' incarceration, with a midpoint of two years. Wenzlaff argued that the trial court should adjust the low end of the discretionary sentencing guidelines downward because his pleas showed that he had "accepted responsibility." If the trial court had found "substantial assistance, acceptance of responsibility, or expression of remorse," the downward adjustment would have ranged from no time to three months' incarceration. Wenzlaff also argued that he had been in the foster-care system as a child and suffered from "mental health issues," which could be addressed on probation. Wenzlaff apologized to the victim and expressed remorse for his offenses, which he characterized as the product of a drug addiction.

The Commonwealth asked the trial court to exceed the range in the sentencing guidelines. Noting Wenzlaff's significant criminal history, including violent felonies and several assault convictions, the Commonwealth characterized him as "a menace to society." Wenzlaff had

accumulated many probation violations, and probation services had "exhausted all resources available" within the jurisdiction to attempt to rehabilitate him. Considering his very poor record, the Commonwealth asked the trial court to impose ten years' incarceration.

The trial court sentenced Wenzlaff to three years and three months' active incarceration. The court declined a downward adjustment in the guidelines, finding that "[n]ot contesting . . . guilt is not the same as accepting responsibility" by pleading guilty. The court considered Wenzlaff's allocution and "the mental health component" but found that incarceration was necessary. The court entered the sentencing order on March 30, 2022. Wenzlaff noted an appeal of that judgment, docketed here as Record No. 0549-22-2.

Wenzlaff also moved the trial court under Code § 19.2-303 to reconsider the term of active incarceration.[2] He proffered that he had "additional documentation" to present to the court and that the court should consider his "expression of remorse" alongside his no-contest pleas when considering whether he had accepted responsibility. Two weeks later, Wenzlaff's counsel moved to withdraw and for the trial court to appoint substitute counsel. The trial court granted the motion to withdraw and appointed new counsel to represent Wenzlaff, without addressing the motion to modify his sentence.

Wenzlaff, through his new counsel, renewed the motion to modify his sentence under Code § 19.2-303 and requested a hearing. On May 20, 2022, the trial court denied the motion without a hearing.

On June 8, 2022, Wenzlaff filed written objections to the trial court's order, arguing that due process required the trial court to hold a hearing on the motion before denying it. Wenzlaff proffered that, at a hearing on his motion, he would have presented evidence that he wanted to move

---

[2] The trial court retained jurisdiction to consider the sentence-modification motion under Code § 19.2-303, notwithstanding Wenzlaff's filing of his first notice of appeal. *See* Rule 1:1B(3)(H).

to Arizona, where family would help him find employment. He also argued that the low end of his sentencing guidelines should have been adjusted downward based on his expression of remorse in allocution. Finally, Wenzlaff asserted that a shorter period of active incarceration was appropriate given his traumatic childhood and mental health struggles. The objections were stamped as having been "seen" by the trial judge.

On June 9, 2022 Wenzlaff noted a timely appeal from the order denying his motion to modify the sentence. That appeal has been docketed here as Record No. 1095-22-2. We granted Wenzlaff's motion to consolidate the two appeals. Wenzlaff's sole assignment of error is that "[t]he trial court erred when it denied, without a hearing, Mr. Wenzlaff's motion to modify his sentence."

ANALYSIS

A trial court generally retains jurisdiction to modify, vacate, or suspend final orders for only 21 days after entry. Rule 1:1(a). "Expiration of the twenty-one day time limitation divests the trial court of jurisdiction." *Stokes v. Commonwealth*, 61 Va. App. 388, 392 (2013) (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 138 (2003)). Code § 19.2-303 provides an exception to Rule 1:1(a) under limited circumstances:

> If a person has been sentenced for a felony to the Department of Corrections (the Department), the court that heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, or within 60 days of such transfer, suspend or otherwise modify the unserved portion of such a sentence. The court may place the person on probation in accordance with the provisions of this section.

Under Code § 19.2-303, the burden of proving that "it appears compatible with the public interest and there are circumstances in mitigation of the offense" rests with the defendant as the moving party. *Harris v. Commonwealth*, 57 Va. App. 205, 211 (2010) (quoting Code § 19.2-303).

We review the trial court's ruling on a motion under Code § 19.2-303 for an abuse of discretion. *Esparza v. Commonwealth*, 29 Va. App. 600, 608 (1999) ("Code § 19.2-303 invests courts with discretionary authority to modify a sentence post-conviction . . . ."). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013) (quoting *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008)). That "principle necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013) (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Id.* at 111-12 (quoting *Hamad*, 61 Va. App. at 607). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

Wenzlaff argues that the trial court abused its discretion by denying his motion to modify his sentence under Code § 19.2-303 without a hearing. He argues that "due process" required the court to hold a hearing on his motion to ensure it had all necessary information before ruling. He asserts that at such a hearing, he would have presented evidence of his desire and plans to "leave" the Commonwealth, along with more information about his traumatic childhood and "mental health struggles." Wenzlaff also accuses the trial court of forgetting his expression of remorse when deciding whether to adjust the low end of the guidelines. He concludes that this Court should reverse the trial court's judgment and remand the case for a hearing on his motion.

Code § 19.2-303 does not require a trial court to hold a hearing on a motion for reconsideration or modification of a sentence. Indeed, it is well-established that litigants have "no right to present oral argument on a motion to reconsider." *Amos v. Commonwealth*, 61 Va. App. 730, 741 (2013) (en banc), *aff'd*, 287 Va. 301 (2014). "Such matters are commonly disposed of on the pleadings, without a hearing, in criminal and in civil cases." *Id.* Oral argument is "presented at the discretion of the trial court." *Id. Accord Forrest v. Forrest*, 3 Va. App. 236, 241 (1986) (finding no abuse of discretion or denial of due process when trial court denied, without oral argument, husband's motion to reconsider settlement agreement's validity).

The record shows that Wenzlaff's motion to modify his sentence relied mainly on information that the trial court had already considered at the original sentencing hearing. Wenzlaff argued that the trial court should reduce his active sentence because of his expression of remorse during allocution, his traumatic childhood, which included abuse and spending time in the foster-care system, and his ongoing mental-health struggles. Wenzlaff concedes, however, that the presentence investigation report, which the trial court considered at the sentencing hearing, contained a detailed account of his mental health and time in foster care.

The record also shows that the trial court considered Wenzlaff's expressions of remorse in the colloquy and presentence investigation report. Although the trial court did not explicitly mention the expression of remorse when declining to adjust the lower end of the discretionary sentencing guidelines, it is well-established that, absent a statutory requirement, a trial court need not "state for the record the reasons underlying [its] decisions." *Shannon v. Commonwealth*, 289 Va. 203, 206 (2015). We decline Wenzlaff's invitation to hold that the trial court's failure to explicitly mention his expression of remorse shows that it did not consider that factor when rendering its decision.

Wenzlaff also argues that the trial court should modify his sentence because he intended to move to Arizona when released. That circumstance, however, did not support "mitigation of the offense." Code § 19.2-303. "[C]ircumstances in mitigation of [an] offense" are those that "tend to lessen an accused's moral culpability *for the crime committed* and may be relevant in sentencing." *Wilson v. Commonwealth*, 54 Va. App. 631, 641-42 (2009) (emphasis added). Wenzlaff's post-conviction desire to leave the Commonwealth did not lessen his culpability for assaulting and strangling his girlfriend.

## CONCLUSION

Wenzlaff's motion to modify his sentence relied on arguments and evidence that the trial court had considered before or that did not mitigate his crimes. Under those circumstances, the trial court did not abuse its discretion by denying the motion without a hearing.

*Affirmed.*