# COURT OF APPEALS OF VIRGINIA

## Record No. 1481-25-2

MICHAEL B. ROBINSON
v.
COMMONWEALTH OF VIRIGNIA

Present: Chief Judge Decker, Judges Raphael and White

Opinion Issued June 16, 2026[*]

## FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

(Tiffany Booker, Deputy Public Defender, on briefs), for appellant.

(Jason S. Miyares,[1] Attorney General; Craig W. Stallard, Senior Assistant Attorney General, on brief), for appellee.

## MEMORANDUM OPINION
## PER CURIAM

Michael B. Robinson was convicted of possession of a Schedule I or II controlled substance and was sentenced to ten years of incarceration, with seven years and six months suspended. The trial court also found that Robinson violated the conditions of a previously suspended sentence for driving under the influence (DUI), second offense within five years. The court revoked the unserved portion of his DUI sentence—eleven months and ten days—but ordered six months to be served concurrently with his sentence for possessing a controlled substance. In total, the court imposed two years, eleven months, and ten days of active incarceration.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

On appeal, Robinson argues that the trial court erred by denying his motion to modify his sentence under Code § 19.2-303 before he was transferred to the Department of Corrections. He maintains that the court ignored significant mitigating factors, gave substantial weight to an improper factor, and improperly weighed the evidence. Robinson reasons that, as a result, the trial court abused its discretion. He also asserts that the court abused its discretion in concluding that modifying his sentence was not in the public interest. For the following reasons, we affirm the trial court's judgment.[2]

## BACKGROUND[3]

In September 2023, Robinson pleaded guilty to possession of a Schedule I or II controlled substance and driving under the influence, second offense within five years. Consistent with the plea agreement, the court convicted him of the DUI offense, found the facts sufficient to convict him of the drug offense, and continued that offense for a "first offender" disposition under Code § 18.2-251. The court ordered Robinson to remain drug and alcohol free, submit to drug screens and a substance abuse assessment, complete recommended treatment, and perform one hundred hours of community service.

Robinson did not enroll in the Alcohol Safety Action Program, a condition of his suspended sentence for the DUI conviction. In addition, at his intake appointment, he could not provide a urine screen, and he did not appear for a urine screen the next day, claiming he was sick. Then, in November 2023, he was charged with DUI, third offense within five years, driving on a revoked license, possession of a Schedule I or II controlled substance, eluding, and actual or

---

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

[3] We view the facts "in the light most favorable" to the Commonwealth as the prevailing party in the trial court. *Cellucci v. Commonwealth*, 77 Va. App. 36, 42 n.1 (2023) (en banc).

simulated masturbation in public.  Although he entered a drug abuse recovery program, he was discharged from the program for violating its rules.

In 2025, based on his inability to complete the first offender program, the trial court convicted Robinson of the underlying drug possession charge.  He was sentenced to ten years of incarceration, with seven years and six months suspended.  The court also revoked the unserved portion of his DUI sentence but ordered six months to be served concurrently with his sentence for the drug conviction.

While incarcerated in the Chesterfield County Jail, Robinson moved the trial court to amend his sentences under Code § 19.2-303.  He argued that he had presented evidence during the sentencing hearing "of his participation in the Starfish Recovery and Wellness Program" but had not asked the court to sentence him to complete that program.  At a hearing on the motion, Robinson introduced a sentencing order from his DUI, third offense within five years, which demonstrated that the suspension of his sentence on that conviction was conditioned on his completion of the Starfish Program.  He also introduced letters from his son, who asked the court to give his father another chance, and a church deacon, who wrote that she had "seen a great desire in . . . Robinson to change his life."

The Starfish Program director, Nancy Jean, testified that Robinson participated in the program from September 2024 to May 2025, save for periods of incarceration.  He tested negative on all drug screens during that time.  Jean described the details of the program, which involved intensive monitoring and treatment, especially for the first thirty days.  She explained that the best results were obtained by the "longer term clients."  The Starfish Program was willing to accept Robinson back.  Robinson also proffered, without objection, that the Starfish Program would accept him despite his prior rape conviction and that it was unusual for a recovery program to "accept sex offenders."

- 3 -

Robinson asked the court to modify his sentence by suspending the unserved portion and ordering him to complete the Starfish Program, which he already had been trying to complete. He emphasized the trauma he had experienced in his life, as detailed in the sentencing report, which included childhood abuse by his stepfather and the loss of his wife. Robinson insisted that he was "working and trying to put himself in a better position."

The court denied Robinson's motion, noting that he had an extensive criminal history, which included a burglary, eluding, and assault and battery offenses he committed after his son was born. The court ruled that Code § 19.2-303 allowed sentence modification when "there is something that happened since the [c]ourt's sentence that would cause the [c]ourt to modify its sentenc[e]." Finding that there was nothing new other than Robinson's desire to enter "another program," the court concluded there was "no reason . . . to modify" the sentence.

ANALYSIS

We review the trial court's ruling for an abuse of discretion.[4] *Cellucci v. Commonwealth*, 77 Va. App. 36, 45-46 (2023) (en banc). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013) (quoting *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008)).

"Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Cellucci*, 77 Va. App. at 46 (quoting *Commonwealth v. Swann*, 290 Va. 194, 197 (2015)). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the

---

[4] Robinson's appeal is not moot because he has yet to be transferred to the custody of the Department of Corrections. *See Harris v. Commonwealth*, 85 Va. App. 497, 511-12 (2025).

equities lie." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "The abuse of discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019) (alteration in original)). So "[a] trial court abuses its discretion by failing to consider a significant relevant factor, giving significant weight to an irrelevant or improper factor, committing a clear error of judgment, or making a mistake of law." *Cellucci*, 77 Va. App. at 46; *see Lawlor*, 285 Va. at 213.

After sentencing a defendant to serve a period of incarceration at the Department of Corrections for a felony, the trial court, "if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, or within 60 days of such transfer, suspend or otherwise modify the unserved portion of such a sentence." Code § 19.2-303. "The statute simply gives a trial court the discretion to suspend or modify a sentence if certain threshold circumstances are established." *Cellucci*, 77 Va. App. at 47.

Before a trial court may modify a sentence under Code § 19.2-303, however, "the defendant must present the . . . court with 'circumstances in mitigation of the offense.'" *Wilson v. Commonwealth*, 54 Va. App. 631, 641 (2009) (quoting Code § 19.2-303). "Generally, evidence in mitigation as contemplated by Code § 19.2-303 relates to facts that could impact the appropriate degree of punishment." *Cellucci*, 77 Va. App. at 49. "They are facts that 'tend to lessen an accused's moral culpability for the crime committed.'" *Id.* (quoting *Wilson*, 54 Va. App. at 642). "A mitigating circumstance is 'a fact or situation that does not bear on the question of the defendant's guilt[] but that is considered by the court in imposing

punishment . . . .'" *Harris v. Commonwealth*, 57 Va. App. 205, 217 (2010) (quoting *Wilson*, 54 Va. App. at 641). Evidence of mitigating circumstances can take the form of "'a good previous record[] and extenuating circumstances tending to explain, but not excuse, the commission of' the crime." *Wilson*, 54 Va. App. at 641 (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). Additionally, any sentence modification under Code § 19.2-303 must be "compatible with the public interest." *Accord Esparza v. Commonwealth*, 29 Va. App. 600, 605 (1999).

In the instant case, neither the record nor Robinson's argument reveals an abuse of discretion by the trial court. Robinson had a lengthy criminal record that included several serious and violent felonies. Months after pleading guilty to the underlying DUI, second offense within five years, Robinson yet again drove under the influence of alcohol, leading to his conviction for DUI, third offense within five years. He also failed to enroll in the Alcohol Safety Action Program following his DUI second conviction, and he was previously discharged from another recovery program for violating its rules. Consequently, the record demonstrates that Robinson repeatedly struggled and failed to comply with the conditions of his suspended sentences.

Although the record contains some evidence that Robinson had been making renewed efforts to maintain his sobriety by participating in the Starfish Program when not incarcerated, the trial court was not required to give that evidence "controlling effect." *See Correll v. Commonwealth*, 232 Va. 454, 469 (1987). Rather, the court had to place all of the evidence "in the context of the entire case." *Minh Duy Du*, 292 Va. at 563. And the court was not required to expressly acknowledge and address each of the mitigating and aggravating factors when ruling on the motion. We reject Robinson's argument that the court did not give certain mitigating factors— such as the letters filed in his support and the Starfish Program's willingness to accept him despite his sex offense—sufficient weight merely because it did not specifically mention them. *See*

*Murphy v. Commonwealth*, 246 Va. 136, 141-42 (1993) (rejecting the contention that the court did not consider mitigating evidence that it did not mention when announcing its decision).

Further, the trial court did not abuse its discretion by emphasizing Robinson's status as a father. The court reasonably concluded that Robinson's repeated criminal offenses after his son's birth belied his expressed desire to be present for his son, and the record does not reveal that the court inappropriately weighed that circumstance.

Finally, Robinson argues that modifying his sentence was, as a matter of law, in the public's interest. A trial court cannot suspend or modify a sentence unless it makes two findings: (1) that doing so "appears compatible with the public interest" *and* (2) that "there are circumstances in mitigation of the offense." Code § 19.2-303; *see Holland v. Commonwealth*, 62 Va. App. 445, 457 (2013). In light of our conclusion that the trial court acted within its discretion by finding there were not mitigating circumstances meriting a reduction of Robinson's incarceration period, we do not reach the second question of whether modifying the sentence would have been compatible with the public interest. *See generally Shaw v. Commonwealth*, 304 Va. 217, 233 (2025) (observing that judicial restraint requires appellate courts to resolve cases on the best and narrowest ground available).

Given the circumstances in this case, we cannot say that no rational jurist would have denied Robinson's motion to modify his sentence. His lengthy criminal record and unsuccessful history under supervision created significant doubts regarding his ability to complete a lengthy Starfish Program despite his more recent efforts at sobriety. Viewing the record under the proper standard, we conclude that the trial court appropriately considered the evidence and simply

weighed it "as it saw fit." *See Cellucci*, 77 Va. App. at 52. As a result, the trial court did not abuse its discretion.[5]

CONCLUSION

The trial court did not abuse its discretion in denying Robinson's motion for modification of his sentence pursuant to Code § 19.2-303. Therefore, we affirm the trial court's judgment.

*Affirmed*.

---

[5] Robinson also argues that the court made a "mistake of law" when considering his motion by ruling that Code § 19.2-303 allows sentence modification only when "there is something that happened since the [c]ourt's sentence that would cause the [c]ourt to modify its sentencing" and that there was nothing new other than his desire to enter "another program." This argument is waived under Rule 5A:18 because Robinson did not object at trial when the court made the statement, nor did he argue below that the court had misconstrued the law. *See Maxwell v. Commonwealth*, 287 Va. 258, 265 (2014) (holding that the defendant failed to preserve an argument when he did not allow the trial court the opportunity to rule on the issue "at a point in the proceeding" when the court could properly "consider" it (quoting *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010))). Robinson has not asked this Court to invoke either the good-cause or ends-of-justice exception contained in Rule 5A:18, and we will not consider those exceptions sua sponte. *See Fleming v. Commonwealth*, 85 Va. App. 27, 54 (2025).