COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Petty and Alston
Argued at Richmond, Virginia


LATOYA YVETTE WILSON
                                                            OPINION BY
v.        Record No. 1775-08-2                   JUDGE ROBERT J. HUMPHREYS
                                                            AUGUST 18, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Cleo E. Powell, Judge

Steven D. Benjamin (Betty Layne DesPortes; Benjamin &
DesPortes, on briefs), for appellant.

Benjamin H. Katz, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Latoya Yvette Wilson ("Wilson") appeals the trial court's denial of her motion to

suspend or modify her sentence pursuant to Code § 19.2-303.  She argues that the trial court

erred in holding that it did not have jurisdiction to entertain her motion.  For the following

reasons, we affirm the trial court.

I.  BACKGROUND

On March 10, 2008, Wilson was convicted of one count of distribution of cocaine and

one count of possession of cocaine with intent to distribute, both in violation of Code § 18.2-248.

The convictions arose out of two controlled buy sting operations by the Chesterfield Police

Department.  On two separate occasions, Officer McGregor of the Chesterfield police solicited

Jason Hendrick ("Hendrick") to purchase drugs from Wilson.  Following Wilson's conviction,

the trial court sentenced her to "Incarceration with the Virginia Department of Corrections" for

five years for each conviction and suspended all but one year of the total sentence.

Following trial, Wilson was not immediately transferred to the Department of Corrections. On June 5, 2008, Wilson filed a motion to suspend or modify her sentence pursuant to Code § 19.2-303. Code § 19.2-303, provides in pertinent part:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.

In support of her motion, Wilson claimed that she had recently discovered exculpatory evidence that the Commonwealth had failed to disclose prior to trial. Specifically, Wilson claimed to have evidence that proved that Hendrick and Officer McGregor had perjured themselves at her trial. Wilson listed eleven different allegations in her motion, and provided several documents supporting those allegations, including court orders, search warrants, and arrest warrants.

On July 2, 2008, the trial court held a hearing on Wilson's motion. At the hearing, Wilson argued that the new evidence cast doubt on Hendrick's and Officer McGregor's credibility and, therefore, tended to mitigate her offense. Wilson argued that in light of the Commonwealth's failure to disclose exculpatory evidence tending to establish the potential perjury of two of the Commonwealth's witnesses, a reduction in her sentence would serve the public interest.

After hearing argument from both sides, the trial court held that, even in light of the new evidence, it did not believe that either Hendrick or Officer McGregor perjured himself at Wilson's trial. The court stated further, "Clearly innocent? No she's not. Did I find her guilty? Yes I did. Do I still believe her to be guilty even in light of the arguments that you have raised? Yes, I do." The trial court denied Wilson's motion. After the trial court's oral ruling, Wilson's attorney asked "If I may inquire, did the Court conclude that it did have jurisdiction under the

statute?" To which, the trial court responded, "Let me be clear on that. I don't believe I have jurisdiction under the statute."

Wilson now appeals the trial court's denial of her motion.

## II. ANALYSIS

### A. Rule 5A:20

Before addressing the merits of Wilson's appeal, we must first address a claim by the Commonwealth that we should hold that Wilson waived her questions presented by failing to comply with Rule 5A:20.

Rule 5A:20 requires that an appellant's opening brief contain the "principles of law, the argument, and the authorities relating to each question presented." Pursuant to that rule, we have held that "[u]nsupported assertions of error 'do not merit appellate consideration.'" Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)). Moreover, "when a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant, 'the Court of Appeals may . . . treat a question presented as waived.'" Parks v. Parks, 52 Va. App. 663, 664, 667 S.E.2d 547, 548 (2008) (quoting Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)).

After reviewing Wilson's opening brief, it is clear that she complied with Rule 5A:20. The application of Code § 19.2-303 in this context is, essentially, a question of first impression. In such cases, it is generally sufficient that an appellant's opening brief contain citations to the statute in question, well-reasoned arguments from the plain language of the statute, and any informative or illustrative cases. Rule 5A:20 does *not* require appellants to cite cases where no precedent exists or to cite a set number of cases or code sections.

In her opening brief, Wilson clearly exceeded the minimum requirements of Rule 5A:20. The argument section of her brief is replete with citations to and analysis of cases and code

sections.  Over the fourteen pages of her argument, she cited twenty-seven cases, three code sections, and a law dictionary.  As such, we find no basis whatsoever for the Commonwealth's contention that Wilson failed to comply with Rule 5A:20, and we will consider the merits of the issues she presents in her appeal.

## B.  Code § 19.2-303

Wilson argues that the trial court erred in holding that it did not have jurisdiction to modify her sentence and that the trial court abused its discretion by refusing to modify her sentence.  We agree with Wilson that the trial court had jurisdiction to entertain the motion to modify her sentence, but we disagree with her claim that she was entitled to have her sentence reduced.

Pursuant to Rule 1:1, "all final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."  "Thus, once the twenty-one-day time period following the entry of a final sentencing order has run without modification, vacation, or suspension of that order, the trial court loses jurisdiction to disturb the order, unless an exception to Rule 1:1 applies."  Patterson v. Commonwealth, 39 Va. App. 610, 614, 575 S.E.2d 583, 585 (2003).

"An exception to [Rule 1:1] is found in Code § 19.2-303."  Russnak v. Commonwealth, 10 Va. App. 317, 325, 392 S.E.2d 491, 495 (1990).  "By its explicit terms," Code § 19.2-303 "permits a trial judge to retain jurisdiction to suspend or modify a sentence beyond the twenty-one day limit of Rule 1:1 [] if the person sentenced for a felony has not been transferred to the Department of Corrections."  D'Alessandro v. Commonwealth, 15 Va. App. 163, 168, 423 S.E.2d 199, 202 (1992).  Under Code § 19.2-303, trial courts may modify a defendant's sentence

if it is "compatible with the public interest and there are circumstances in mitigation of the offense."

Here, there is no dispute that Wilson had been "sentenced for a felony" and "not transferred to the Department of Corrections." However, the Commonwealth argues that the trial court did not have jurisdiction to adjudicate Wilson's motion because Wilson's claims are not "compatible with the public interest," nor do they constitute "circumstances in mitigation of the offense." However, the Commonwealth's argument, while relevant to the question of whether the relief sought should be granted, is irrelevant to the question of the trial court's jurisdiction. In Esparza v. Commonwealth, 29 Va. App. 600, 603, 513 S.E.2d 885, 886 (1999), we addressed the question of whether a trial court has jurisdiction to modify a sentence pursuant to Code § 19.2-303. In that case, the defendant had been sentenced pursuant to a plea agreement. The Commonwealth argued that the trial court had no jurisdiction to entertain a motion to modify the sentence pursuant to Code § 19.2-303 in that case because the "modification of a sentence imposed pursuant to a plea agreement is incompatible with the public interest" and the defendant had "failed to mitigate his offense." Id. at 607, 513 S.E.2d at 889. On appeal, we held that those arguments were "inapposite to the issue presented," because those arguments address "the merits of the motion and not the jurisdictional arguments appellant presents." Id. We held that Code § 19.2-303 gives trial courts jurisdiction over "*all felony convictions provided the defendant has not been sent to the Department of Corrections.*" Id. at 605, 513 S.E.2d at 887 (emphasis added).

Here, Wilson had been convicted of a felony and not yet transferred to the Department of Corrections. Thus, the trial court had jurisdiction under Code § 19.2-303 to entertain Wilson's motion. To the extent that it held that it did not have jurisdiction, it was error for the trial court to do so.

However, that error is clearly harmless because Wilson failed to present evidence that would have justified a modification or suspension of her sentence under Code § 19.2-303. In this context, an error is harmless if "it plainly appears from the record that appellant's motion for sentence modification would have been denied had the court entertained it." Id. at 608, 513 S.E.2d at 889.[1] In order for a trial court to modify a sentence pursuant to Code § 19.2-303, the defendant must present the trial court with "circumstances in mitigation of the offense." See Code § 19.2-303. Wilson argues that she presented the trial court with evidence that the prosecution's "star" witness perjured himself and was, therefore, an inherently incredible witness. Wilson reasons that the new evidence casts doubt on the reliability of Hendrick and Officer McGregor and is evidence "in mitigation of the offense," sufficient to justify a modified sentence under Code § 19.2-303.

The General Assembly has not defined the phrase "circumstances in mitigation of the offense" for the purposes of Code § 19.2-303. Generally, mitigating circumstances include "[e]vidence of a good previous record, and extenuating circumstances tending to explain, but not excuse, the commission of" the crime. Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 236 (1999). A mitigating circumstance is "a fact or situation that does not bear on the question of the defendant's guilt, but that is considered by the court in imposing punishment, esp. in lessening the severity of a sentence." Black's Law Dictionary 260 (8th ed. 2004).

For example, in the context of capital murder, the General Assembly has identified the circumstances that might constitute "facts in mitigation of the offense":

> Facts in mitigation may include, but shall not be limited to, the
> following: (i) the defendant has no significant history of prior
> criminal activity, (ii) the capital felony was committed while the
> defendant was under the influence of extreme mental or emotional

[1] It is important to note that while holding that it did not have jurisdiction to entertain the matter, the trial court in any event actually considered the appellant's arguments supporting her claim for relief under Code § 19.2-303.

> disturbance, (iii) the victim was a participant in the defendant's conduct or consented to the act, (iv) at the time of the commission of the capital felony, the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was significantly impaired, (v) the age of the defendant at the time of the commission of the capital offense, or (vi) even if § 19.2-264.3:1.1 is inapplicable as a bar to the death penalty, the subaverage intellectual functioning of the defendant.

Code § 19.2-264.4. The "facts in mitigation" identified by the General Assembly share a common thread in that, while they have no impact upon legal culpability, they tend to lessen an accused's moral culpability for the crime committed and may be relevant in sentencing. Put succinctly, the term "facts in mitigation" has no bearing on the actual guilt or innocence of the accused but rather relates only to the degree to which punishment is appropriate.

Like the "facts in mitigation of the offense" described in Code § 19.2-264.4, we hold that "circumstances in mitigation of the offense," see Code § 19.2-303, does not include evidence that bears solely on the question of guilt or innocence. Code § 19.2-303 clearly provides that the only remedy that may be utilized in light of the mitigating circumstances is modification or suspension of the defendant's sentence.

If we were to adopt Wilson's reasoning and hold that "circumstances in mitigation of the offense" included evidence tending to show guilt or innocence, a person awaiting transfer to the Department of Corrections could affirmatively prove his innocence and *still receive a suspended sentence*. Had the General Assembly intended to include evidence of innocence within the scope of Code § 19.2-303, it would have undoubtedly provided for some additional remedy aside from the modification or suspension of a sentence. It is clearly against the public policy of this Commonwealth for a person to continue to be punished *to any degree* for a crime after affirmatively proving in court that he is innocent of that crime and he ought not bear the burden

of the conviction and sentence, whether suspended or not.[2] We cannot construe the statute in a manner that could lead to such an absurd result. See Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007) ("a statute should never be construed in a way that leads to absurd results").

The new evidence that Wilson presented to the trial court in this case was only relevant to her guilt or innocence. Evidence that the Commonwealth's "star" witness may have perjured himself, if believed, is not evidence "tending to explain" Wilson's actions. Shifflett, 257 Va. at 44, 510 S.E.2d at 236. Rather, it is evidence tending to prove that Wilson may not have done what she is accused of at all. The evidence, if believed, is probative only of Wilson's guilt. As such, the evidence regarding Hendrick's credibility is not evidence "in mitigation of the offense," within the meaning of Code § 19.2-303.

Simply put, Code § 19.2-303 does not apply to after-discovered evidence that is relevant only to the determination of guilt or innocence. The General Assembly clearly did not intend it to be an alternative to a writ of actual innocence or habeas corpus relief.[3]

### III. CONCLUSION

For the foregoing reasons, we hold that the trial court erred in its assertion that it did not have jurisdiction to adjudicate Wilson's motion. However, because Wilson failed to present

---

[2] Indeed, the General Assembly has clearly reflected this public policy by the creation of the Writ of Actual Innocence, which requires this Court to vacate a defendant's conviction and grant an order of expungement if his innocence is proved. See Code §§ 19.2-327.2 through 19.2-327.14. Wilson acknowledged at oral argument that she is not pursuing this remedy.

[3] We do note however, that one of the categories of exculpatory evidence required to be disclosed by the prosecution by Brady and its progeny, is evidence that would mitigate or reduce the punishment. Workman v. Commonwealth, 272 Va. 633, 636 S.E.2d 368 (2006). We need not address today whether, in such a case, the use of Code § 19.2-303 may be an appropriate vehicle to address the failure of the Commonwealth to properly disclose such evidence.

evidence of "circumstances in mitigation of the offense," as required by Code § 19.2-303, that

error was harmless as a matter of law, and we affirm the decision of the trial court.

<u>Affirmed.</u>