COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Elder and Humphreys
Argued at Richmond, Virginia

CITY OF NORFOLK SCHOOL BOARD

v.        Record No. 1919-11-1

MILDRED DENISE VAUGHAN

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
APRIL 24, 2012

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Tamele Y. Hobson, Assistant City Attorney (Office of the City
Attorney, on brief), for appellant.

Sidney H. Kelsey, Jr., for appellee.

The City of Norfolk School Board ("Board") is appealing the August 26, 2011 final order

of the Workers' Compensation Commission awarding Mildred Vaughan ("claimant") an award

of $552.88 per week for seventy weeks based on a 40% impairment of her left leg.  On appeal,

the Board contends that (1) the full commission erred in awarding a 40% disability rating where

the medical records lacked any objective findings to support the 40% rating and (2) where the

treating physician failed to relate the reflex sympathetic dystrophy ("RSD") diagnosis to the 40%

disability rating given, the full commission erred in relying on the treating physician's opinion.

For the reasons that follow, we affirm.

I.  Background

The incident underlying this claim occurred on April 18, 2001 when claimant was

employed as a department chairperson for the Board.  Claimant was speaking with a teacher in a

classroom when a handicapped student in a wheelchair rolled up behind her.  Claimant, unaware

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

of the student's presence, turned around and struck her left knee on the wheelchair. As a result, she experienced ongoing pain in the affected knee.

Claimant filed a claim with the Workers' Compensation Commission seeking compensation and medical benefits for her injury. In a January 14, 2002 opinion, the deputy commissioner found that claimant suffered a compensable injury arising out of and in the course of her employment. Accordingly, the deputy commissioner awarded her temporary total disability and medical benefits. The Board appealed the award, which the full commission affirmed in a September 12, 2002 opinion. Neither party appealed to the Court of Appeals. The parties then reached a supplemental agreement for the payment of benefits, which the commission approved on April 5, 2005.

Subsequently, the Board filed an application with the commission seeking to terminate the April 5, 2005 award of compensation on the basis that claimant refused vocational rehabilitation efforts.[1] In its December 14, 2006 opinion, the commission found that claimant refused the vocational rehabilitation services that the Board offered to her; however, it concluded claimant cured the refusal by her sincere desire to return to work. The commission entered an award in favor of claimant for the payment of compensation and medical benefits.

The Board then initiated another proceeding seeking to terminate the commission's December 14, 2006 award, alleging that claimant was released back to full duty. Claimant, on the other hand, requested that the commission find that there was a change in her condition and that she be allowed a change in her treating physician. In a September 17, 2009 opinion, the deputy commissioner found that claimant received a valid release to return to full duty and terminated the commission's December 14, 2006 award. However, the deputy commissioner also found that claimant suffered from RSD as a consequence of her accident. As a result,

---

[1] See Code § 65.2-603(b).

claimant was awarded medical benefits. The commission authorized claimant to change her treating physician to Dr. Antonio Quidgley-Nevares ("Dr. Quidgley-Nevares").

Based on the commission's finding that she suffered from RSD, claimant filed a petition seeking compensation for a 40% permanent impairment of her left leg. The parties submitted evidence in the form of designated medical records and the commission had a hearing on the matter. The submitted evidence included the medical opinions of Dr. Quidgley-Nevares and Dr. JoAnn Dervay[2] ("Dr. Dervay") as to the extent of claimant's impairment. Dr. Quidgley-Nevares assigned claimant a 40% permanent impairment of her left leg due to her complex regional pain syndrome. Dr. Dervay concluded that claimant only had a 2% permanent impairment in her left leg, and opined that Dr. Quidgley-Nevares did not include a rationale for his 40% rating.[3]

The deputy commissioner issued an opinion on the matter on February 16, 2011, finding that claimant was entitled to a 21% award for the permanent impairment of her left leg. To reach this number, the deputy commissioner simply averaged the ratings given by Drs. Quidgley-Nevares and Dervay and quoted the "frequent practice of averaging the competing ratings" to determine the level of permanent impairment. Both parties appealed to the full commission.

In its August 26, 2011 opinion, the full commission reversed the deputy commissioner's order. The commission reasoned that

> while Dr. Dervay indicated that she used the AMA Guides, we find that she did not use the tables which show impairment for RSD and therefore her opinion is inconsistent with the previous findings of this commission and inconsistent with opinions of the claimant's treating physicians. The two percent impairment rating does not include impairment related to her compensable condition. Hence,

---

[2] Dr. Dervay is an orthopedic surgeon, who reexamined claimant at the Board's request.

[3] It appears from the record that Dr. Dervay did not actually perform any examination on claimant personally, but rather she examined a functional capacity evaluation which was prepared for her by Cindy Free, LPTA/CDE II and Rebecca McLain, DPT.

> we accept the opinion of the claimant's treating physician and award benefits for a 40 percent impairment to the left lower extremity.

Based on its findings, the commission entered an award in favor of claimant for payment of compensation based on the 40% permanent impairment of her left leg. The Board then noted this appeal.

## II. Analysis

The Board's first assignment of error is that the full commission erred in awarding a 40% disability where medical records lacked any objective findings to support the 40% rating. In essence, the Board's argument is that Dr. Dervay's assessment, that claimant had only a 2% permanent impairment was based on objective testing and, thus, the commission should have accepted it.

However, the Board failed to provide any authority for the proposition that a permanent impairment rating must be based on objective findings. Thus, we will not consider this issue on appeal. See Rule 5A:20; Wilson v. Commonwealth, 54 Va. App. 631, 638, 681 S.E.2d 74, 78 (2009) ("Pursuant to [Rule 5A:20], we have held that '[u]nsupported assertions of error do not merit appellate consideration.'" (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008))).

Because we reject the Board's bright-line rule, we address the commission's finding of a 40% rating as a finding of fact, and it is well established that "'[f]actual findings of the commission will not be disturbed on appeal unless plainly wrong or without credible evidence to support them.'" Gilbane v. Guzman, 59 Va. App. 128, 133-34, 717 S.E.2d 433, 436 (2011) (quoting Georgia Pac. Corp. v. Dancy, 17 Va. App. 128, 135, 435 S.E.2d 898, 902 (1993)). The commission based its impairment rating on the diagnosis of Dr. Quidgley-Nevares. In doing so, the commission explicitly stated that it was ignoring Dr. Dervay's rating, because it failed to

- 4 -

account for claimant's previously diagnosed RSD. Dr. Quidgley-Nevares' opinion, on the other hand, recognized that claimant was suffering from RSD. "Though not necessarily conclusive, the opinion of the treating physician is entitled to great weight.'" Berglund Chevrolet, Inc. v. Landrum, 43 Va. App. 742, 753 n.4, 601 S.E.2d 693, 698 n. 4 (2004) (quoting H.J. Holz & Son, Inc. v. Dumas-Thayer, 37 Va. App. 645, 655, 561 S.E.2d 6, 11 (2002)). Furthermore, the issue ultimately comes down to which doctor's opinion the commission found credible. It is well established that this Court "does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses.'" Id. (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

The Board's second assignment of error is that Dr. Quidgley-Nevares failed to relate claimant's RSD diagnosis to his 40% disability rating and, therefore, the full commission erred in relying upon his opinion. This argument is without merit for the same reasons.

Although the Board acknowledges that a treating physician's diagnosis is entitled to great weight, it argues that "the commission is free to adopt that which is most consistent with reason and justice." Williams v. Fuqua, 199 Va. 709, 714, 101 S.E.2d 562, 567 (1958). Under this rule, the Board asks this Court to find that the commission was wrong in adopting Dr. Quidgley-Nevares' rating because his "medical documents are scant at best." The Board then reemphasizes that Dr. Dervay's report is extensive.

However, the Board's statement of the law is taken out of context. The quote, in its entirety, reads,

> [w]hile we have said in a number of cases that great weight should be given to the testimony of the attending physician, his opinion is not binding upon the commission. *The probative weight to be given his evidence is for the commission to determine*, and if it is doubtful and in conflict with other medical evidence, the commission is free to adopt that which is most consistent with reason and justice.

Id. (emphasis added).  As discussed *supra*, the commission did make a determination as to the probative weight to assign to Dr. Quidgley-Nevares' opinion, and it found it persuasive.  Thus, we will not second guess the decision on appeal.

### III.  Conclusion

Because the Board failed to provide authority to support its assignment of error, and because this Court is bound by the factual findings of the commission unless they are plainly wrong or without credible evidence to support them, we find that the full commission did not err in awarding claimant a 40% disability.

Affirmed.