COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Raphael, White and Senior Judge Petty


JAMIE JO LUNDIE

               MEMORANDUM OPINION[*]
v.  Record No. 1332-22-2        PER CURIAM
                  MAY 9, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Dennis M. Martin, Sr., Judge

(Bianca A. White; Jennifer Quezada; Miriam Airington-Fisher;
Airington Law, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Rachel A. Glines, Assistant
Attorney General, on brief), for appellee.


After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Jamie Jo Lundie ("Lundie") failed to timely file a sufficiently complete transcript or statement of facts in lieu of a transcript necessary to the appeal pursuant to Rule 5A:8. As a result, we cannot reach her assignments of error. Consequently, we affirm the convictions.

BACKGROUND

Lundie pled guilty, pursuant to a plea agreement, to malicious wounding and disorderly conduct. The trial court sentenced Lundie by final order of May 20, 2022, to 15 years and 12 months of incarceration, with 13 years and 20 months suspended. On June 28, 2022, Lundie moved the trial court to modify her sentence. In her written motion, she maintained that the jail

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

had not consistently provided her with medications for her mental health conditions and that her circumstances had changed concerning her ability to pay restitution to the victim. The Commonwealth, in writing, opposed the motion, arguing that Lundie had not provided any circumstances to mitigate the offenses and a modification of sentence was incompatible with the public interest. Following a hearing on August 2, 2022, the trial court denied Lundie's motion.

ANALYSIS

On appeal of this ruling, Lundie contends that the trial court abused its discretion when it denied her motion to modify because it failed to consider the lack of adequate medical care at jail, her declining mental health due to lack of adequate medical treatment in the jail, and that modification of her sentence was in the public interest.

Pursuant to Rule 1:1, "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." "Thus, once the twenty-one-day time period following the entry of a final sentencing order has run without modification, vacation, or suspension of that order, the trial court loses jurisdiction to disturb the order, unless an exception to Rule 1:1 applies." *Patterson v. Commonwealth*, 39 Va. App. 610, 614 (2003).

"An exception to [Rule 1:1] is found in Code § 19.2-303." *Russnak v. Commonwealth*, 10 Va. App. 317, 324 (1990). "By its explicit terms," Code § 19.2-303 "permits a trial judge to retain jurisdiction to suspend or modify a sentence beyond the twenty-one-day limit of Rule 1:1 . . . if the person sentenced for a felony has not been transferred to the Department of Corrections."[1] *D'Alessandro v. Commonwealth*, 15 Va. App. 163, 168 (1992). Under Code

---

[1] Effective July 1, 2021, the General Assembly amended Code § 19.2-303 to allow a trial court to consider a motion to modify sentence "at any time before the person is transferred to the Department, or within 60 days of such transfer . . . ." 2021 Va. Acts Spec. Sess. I chs. 176, 538.

§ 19.2-303, trial courts may modify a defendant's sentence if it is "compatible with the public interest and there are circumstances in mitigation of the offense."

We held in *Wilson v. Commonwealth*, 54 Va. App. 631, 642 (2009) (internal citation omitted), "that 'circumstances in mitigation of the offense' does not include evidence that bears solely on the question of guilt or innocence," but "rather relates only to the degree to which punishment is appropriate." In Virginia, a mitigating circumstance is "'[e]vidence of a good previous record, and extenuating circumstances tending to explain, but not excuse, the commission of' the crime." *Id.* at 641 (alteration in original) (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). The appellant bears the burden to *prove* the mitigating circumstances and that modification is compatible with the public interest. *See Cellucci v. Commonwealth*, 77 Va. App. 36, 49 (2023); *see also Harris v. Commonwealth*, 57 Va. App. 205, 213 (2010).

Here, it is undisputed that Lundie was convicted of a felony and had not been transferred to the Department of Corrections. The record on appeal, however, contains neither a timely-filed transcript of Lundie's May 3, 2022 sentencing hearing nor a complete transcript of the August 2, 2022 hearing on Lundie's motion to modify sentence.

The August 2, 2022 transcript was timely filed but is incomplete; the transcript indicates that "[t]he beginning of the hearing was not taken down by the court reporter due to a scheduling conflict [and] [t]he courtroom audio is unavailable." Thus, we only have a partial record of what transpired at the August 2, 2022 hearing. We have no record of testimony of any witnesses, nor proffer of any evidence. In fact, it only contains a portion of counsel's argument and interaction with the trial judge. In addition, Lundie did not file a written statement of facts in lieu of a transcript for the sentencing hearing or to supplement the incomplete transcript for the August 2, 2022 hearing.

After reviewing the record, and the opening brief, we conclude that a timely-filed transcript, or written statements of facts in lieu of the transcript, is indispensable to a determination of the assignments of error on appeal. The record before the Court does not include the mitigating evidence presented at the sentencing hearing or the trial court's consideration of that evidence. Additionally, although the record before us includes a partial transcript from the motion to modify, it does not include evidence that may have been presented to the trial court before the hearing was recorded. Consequently, we cannot determine if the trial court abused its discretion when it denied Lundie's motion to modify her sentence. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). Since Lundie failed to ensure that the record contains a timely-filed transcript, or written statements of facts in lieu of a transcript, necessary to resolve the assignments of error, we cannot address the merits of Lundie's appeal. Rule 5A:8(b)(4)(ii). Consequently, we affirm the convictions.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.