COURT OF APPEALS OF VIRGINIA

Present:  Judges O'Brien, Ortiz and Senior Judge Haley


SUNIL NASIM

                                                    MEMORANDUM OPINION*
v.        Record No. 1297-22-4                            PER CURIAM
                                                         MAY 16, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James P. Fisher, Judge

(Joseph Peter Drennan, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Ryan Douglas Beehler,
Assistant Attorney General, on brief), for appellee.


Sunil Nasim pled guilty to aggravated sexual battery using the victim's mental incapacity or

physical helplessness, in violation of Code § 18.2-67.3.  The court sentenced Nasim to 20 years'

incarceration with an additional suspended 3-year sentence.  Code § 18.2-67.3(B).  Following

denials of his petitions for appeal by this Court and the Virginia Supreme Court, Nasim filed a

motion requesting modification of his sentence under Code § 19.2-303.  The trial court denied that

motion.  Nasim now argues on appeal that the court erred by finding insufficient evidence to modify

his sentence.  After examining the briefs and record, the panel unanimously holds that oral argument

is unnecessary because "the appeal is wholly without merit" and affirms the order of the trial court.

Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication.  *See* Code § 17.1-413.

BACKGROUND

At the guilty plea hearing, the Commonwealth proffered that on May 10, 2019, Nasim delivered pizza to J.P., a 26-year-old woman with intellectual difficulties. The internal system used by the delivery drivers noted that drivers should "[b]e nice and patient shes [sic] special needs." After delivering the pizza, Nasim went back to his workplace, purchased chicken wings, and called J.P. several more times while driving back to her home. J.P., confused and alone, let him into her home. Nasim touched her breasts over her clothes, removed her shirt and bra, touched her bare chest, pulled down both their pants, and "put his penis in her butt." J.P. eventually told him to stop, and Nasim left. J.P. reported the assault to her mother, who called police.

The plea agreement signed by Nasim stated that in exchange for his plea, the Commonwealth would withdraw a charge of forcible sodomy and the trial court would determine his sentence. The agreement noted the possibility of 20 years of incarceration. The court conducted a plea colloquy that confirmed Nasim reviewed, understood, and discussed the plea agreement with his attorney. Nasim told the court he agreed with the terms of the agreement and stipulated to the Commonwealth's proffer of facts.

At the sentencing hearing, the court considered Nasim's mitigating evidence as well as evidence from the Commonwealth, but found Nasim's behavior was that of a "classic predator," because he knew about the victim's mental impairment and accordingly "built a plan" to commit his assault. The court noted the sentencing guidelines but found that the particular facts of this case justified a departure above the guidelines. On August 19, 2020, the court sentenced Nasim to the statutory maximum of 20 years on the aggravated sexual battery, with an additional suspended 3-year sentence.

On appeal of his conviction, Nasim contended that the court abused its discretion by imposing the maximum sentence without giving appropriate weight to the psychosexual evaluation. This Court denied Nasim's petition for appeal. *See Nasim v. Commonwealth*, No. 1159-20-4 (Va. Ct. App. Mar. 10 and May 28, 2021) (orders). Likewise, the Virginia Supreme Court refused Nasim's petition for appeal. *See Nasim v. Commonwealth*, No. 210609 (Va. Jan. 26, 2022) (order).

On August 11, 2022, Nasim filed a motion for reconsideration of his sentence under Code § 19.2-303. He stated that he had been transferred to the Department of Corrections on June 28, 2022, and modification of his sentence was "compatible with the public interest" because of the mitigating evidence he presentenced at his sentencing. Nasim also asserted "new" mitigation evidence of his "exemplary record as an inmate . . . leading bible study groups" and unspecified difficulties in his wife's life. Nasim filed an additional brief arguing that the sentence itself was unconstitutional, violating the Eighth Amendment and his right to due process.

Without a hearing, the trial court denied Nasim's motion, stating in its order that "after a review of the instant Petition, the related pleadings, and the record of the proceedings herein, it does not appear to the court to be compatible with the public interest to reconsider" the 2020 sentencing order "for the purpose of suspending or modifying the unserved portion of the sentence previously imposed, or any other terms." This appeal followed.

ANALYSIS

Nasim argues that the court erred in denying his motion for reconsideration of the sentence imposed in 2020. A trial court generally retains jurisdiction to modify, vacate, or suspend final orders for only 21 days after entry. Rule 1:1(a). "Expiration of the twenty-one day time limitation divests the trial court of jurisdiction." *Stokes v. Commonwealth*, 61 Va. App. 388, 392 (2013) (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 138 (2003)). However,

under Code § 19.2-303, before or within 60 days of a convicted felon's transfer to the Department of Corrections, "a court 'may . . . suspend or otherwise modify' the unserved portion of a felony sentence if 'there are circumstances in mitigation of the offense' and 'it appears compatible with the public interest.'" *Cellucci v. Commonwealth*, 77 Va. App. 36, 47 (2023) (en banc) (quoting Code § 19.2-303). As the moving party, the defendant has the burden of proof to establish these elements. *Id.* at 49; *see also Harris v. Commonwealth*, 57 Va. App. 205, 212 (2010). Code § 19.2-303 "does not bind a court to the evidence that a defendant relies on in support of a motion for a sentence modification or suspension" and "does not affect the discretionary nature of sentencing determinations." *Id.* at 48 (citing *Suhay v. Commonwealth*, 75 Va. App. 143, 158 (2022)).

We review the court's ruling on a motion under Code § 19.2-303 for an abuse of discretion. *Id.* at 45-46. This standard "requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013) (quoting *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008)). The "principle necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013) (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Id.* at 111-12 (quoting *Hamad*, 61 Va. App. at 607). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

Nasim asserts that silence in the court's 2020 sentencing order concerning his mitigating evidence indicates that the court did not consider that evidence. He further contends that imposition of the 20-year sentence violated the Eighth Amendment and due process protections. Significantly, the subject of this appeal is the trial court's denial of a motion to reconsider or modify his sentence under Code § 19.2-303. As earlier noted, Nasim previously challenged the trial court's determination of sentence and consideration of mitigation evidence, and both this Court and the Virginia Supreme Court denied his petitions for appeal. As a result, Nasim's arguments challenging the 2020 imposition of sentence amount to nothing more than an impermissible collateral attack on that judgment, and we do not consider them. *Stacey v. Commonwealth*, 73 Va. App. 85, 93 (2021) ("A collateral attack, in general, is an indirect challenge that seeks to avoid the effects of a prior judgment in a subsequent proceeding.").

Nasim's only new mitigation evidence in support of his motion for reconsideration was his assertion of good behavior while incarcerated and unspecified difficulties in Nasim's wife's life. "Generally, evidence in mitigation as contemplated by Code § 19.2-303 relates to facts that could impact the appropriate degree of punishment. They are facts that 'tend to lessen an accused's moral culpability for the crime committed.'" *Cellucci*, 77 Va. App. at 49 (quoting *Wilson v. Commonwealth*, 54 Va. App. 631, 642 (2009)). Such "facts in mitigation are to be linked to or viewed in context with the crime." *Id.* Neither Nasim's purported good behavior while incarcerated nor the claimed difficulties in his wife's life amounted to "facts that could impact the appropriate degree of punishment" or "tend[ed] to lessen [Nasim's] moral culpability for the crime committed"—a predatory sexual attack upon an intellectually challenged victim. *Id.* We conclude that the trial court did not abuse its discretion in denying Nasim's motion for reconsideration.

CONCLUSION

For the foregoing reasons, we find no abuse of discretion in the trial court's decision to deny Nasim's motion for reconsideration of sentence under Code § 19.2-303.

*Affirmed.*