UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chaney and Senior Judge Annunziata

ROBERT STEVEN MAXEY, JR.

MEMORANDUM OPINION*

v.      Record No. 1725-22-2      PER CURIAM
                                  OCTOBER 3, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF NEW KENT COUNTY
B. Elliott Bondurant, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant
Attorney General, on brief), for appellee.


The trial court found Robert Steven Maxey, Jr. in violation of his probation for his 2012

convictions for possession of burglary tools and destruction of property. The trial court revoked the

remainder of Maxey's suspended sentences, resuspended three years and one month, imposed a

four-year sentence of incarceration, and removed Maxey from supervised probation. Maxey

contends that the trial court abused its discretion in (i) refusing to resuspend his entire sentence to

allow him to participate in a drug treatment program and (ii) denying his motion to reconsider his

sentence. After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). Accordingly, this Court affirms the trial court's judgment.

---

* This opinion is not designated for publication. See Code § 17.1-413(A).

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

Upon Maxey's guilty pleas, the trial court convicted Maxey for possessing burglary tools and felonious destruction of property. By order dated July 3, 2012, the trial court sentenced him to incarceration for ten years with eight years and seven months suspended. The trial court ordered Maxey to comply with supervised probation after his release from incarceration for an indefinite period not to exceed ten years.

In December 2012, the trial court found Maxey in violation of his probation for using alcohol while on work release. The trial court revoked Maxey's suspended sentences and resuspended them. In addition to the previously-imposed probation conditions, the revocation order required Maxey to successfully complete the Salvation Army Program after his release from confinement. Upon Maxey's motion, the trial court subsequently modified the revocation order to allow him to complete a program at Restoration and Wellness House instead of the Salvation Army Program.

In October 2016, the police arrested Maxey for violating his probation by incurring a conviction for driving while intoxicated, third offense, refusing a blood or breath test, and driving with a revoked license, DUI-related. The trial court found Maxey in violation of his probation, revoked the suspended sentences, and resuspended all but one year.

In January 2019, Maxey's probation officer filed a major violation report (MVR) alleging that Maxey tested positive for cocaine and alcohol, changed his residence without permission, and absconded from supervision. In April 2019, the trial court found Maxey in violation of his

probation for a third time. The trial court revoked his remaining suspended sentences of seven years and seven months, resuspended all but six months, and ordered that he be placed in the Community Corrections Alternative Program (CCAP) upon his release from incarceration.

In June 2022, Maxey's probation officer filed an MVR alleging that he violated his probation by failing to report to the probation office within three days of his release from incarceration, missing two scheduled probation appointments, testing positive for cocaine, fentanyl, and methadone, and failing to enroll, as instructed, in a substance abuse treatment program with the Chesterfield Community Service Board. In addition, new criminal charges were pending against Maxey in Henrico County and Prince George County. The police arrested Maxey for the alleged probation violations in August 2022, and a probation revocation hearing was held in October 2022.

At the October 2022 revocation hearing, Maxey stipulated that he was in violation of his probation. Maxey testified about his strong motivation to participate and succeed in the Henrico County Drug Court program—for which he had been found eligible in a felony drug case pending in Henrico County Circuit Court—and he asked the trial court not to impose an active sentence so that he could complete that program. Maxey testified that the CCAP program had ended three months early due to program restrictions related to the COVID-19 pandemic. He claimed to have no knowledge of the probation officer's instruction to participate in the Chesterfield Community Service Board substance abuse program. He asserted that he tested positive for fentanyl because it was administered during his hospitalization for prostate cancer. The trial court expressed disbelief in this claim and found that Maxey was "untruthful with the Court."[1] The trial court found Maxey in violation of his probation, revoked his suspended sentences of seven years and one month, and resuspended three years and one month, thus imposing a four-year sentence of incarceration.

---

[1] After Maxey testified that fentanyl was administered to him when he was hospitalized for prostate cancer, the trial court asked Maxey's counsel, "does he expect me to believe that?" Maxey's counsel replied, "I don't think hospital[s] prescribe fentanyl."

Maxey moved for modification of his October 2022 revocation sentence, alleging that he had documentation to prove that he tested positive for fentanyl because it was prescribed and administered by doctors during his hospitalizations. At a hearing on Maxey's motion, Maxey displayed screenshots from a cell phone showing that he was given fentanyl in the hospital on August 24, 2021, and May 29, 2022. The trial court denied Maxey's motion to modify his sentence, noting that it was Maxey's third or subsequent probation violation and that he continued to use cocaine. This appeal followed.

ANALYSIS

I.

While conceding that he violated the terms of his probation, Maxey argues that the trial court abused its discretion in imposing a four-year sentence of incarceration. Although Maxey does not claim that the trial court lacked sufficient cause to revoke his suspended sentences, he contends that the trial court abused its discretion by failing to consider his mitigating circumstances, such as his motivation to succeed in the Henrico County Drug Court Program. However, the record does not support Maxey's claim that the trial court failed to weigh his mitigation evidence. "Absent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992). Maxey's argument fails because there is no clear evidence showing that the trial court ignored his mitigation evidence.

The weight given to any mitigating factors presented by the defendant is within the trial court's purview. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Therefore, this Court

- 4 -

will not disturb the trial court's judgment based on its assessment of Maxey's claimed desire to participate in the drug court program. Given Maxey's numerous probation violations, the trial court acted within its discretion in imposing a sentence of active incarceration within the statutorily-permitted range. *See* Code § 19.2-306(C) ("If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1.").

II.

Maxey maintains that the trial court erred in denying his motion for modification of sentence under Code § 19.2-303. A trial court's authority to suspend or modify an unserved portion of a felony sentence is restricted to situations in which the person has not yet been transferred to the Department of Corrections or within 60 days of such transfer. *See* Code § 19.2-303. The statute provides that a court "may . . . suspend or otherwise modify" the unserved portion of a felony sentence if "there are circumstances in mitigation of the offense" and "it appears compatible with the public interest." *Id.*; *see Wilson v. Commonwealth*, 54 Va. App. 631, 641 (2009). "A mitigating circumstance is 'a fact or situation that does not bear on the question of the defendant's guilt, but that is considered by the court in imposing punishment, esp. in lessening the severity of a sentence." *Wilson*, 54 Va. App. at 641 (quoting *Black's Law Dictionary* 260 (8th ed. 2004)).

Maxey asserts that in support of his motion to modify the revocation sentence, he provided evidence that he was administered fentanyl while he was hospitalized—thereby corroborating his testimony at the revocation hearing that the trial court found to be untruthful. Notwithstanding the evidence that Maxey was administered fentanyl in the hospital, the trial court refused to modify the revocation sentence, noting that Maxey had continued to use cocaine and had violated probation three or more times. Considering the totality of the facts and

circumstances, this Court finds no abuse of discretion in the trial court's decision to deny Maxey's motion to modify his revocation sentence.

## CONCLUSION

For the foregoing reasons, this Court affirms the trial court's judgment.

*Affirmed.*