COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Causey and Senior Judge Petty

TREKWANE CARLOS BELL

v.     Record No. 2089-23-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 17, 2024

FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Israel-David J.J. Healy,
Assistant Attorney General, on brief), for appellee.

Trekwane Carlos Bell appeals the revocation of an eight-year-and-four-month suspended

sentence[1] and resuspension of seven years of active incarceration on a probation violation. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the dispositive issue or issues have been authoritatively decided, and the

appellant has not argued that the case law should be overturned, extended, modified, or reversed."

Code § 17.1-403(ii)(b); Rule 5A:27(b).

Bell contends that the court abused its discretion by basing its revocation partly on Bell's

conviction for a federal firearms offense, which he argues was previously dismissed as a ground

of revocation. He also argues that the court failed to give proper weight to his mitigation

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

[1] Bell's assignment of error states the sentence was nine years and eight months. The record reflects a revocation in 2019 which revoked the original suspended sentence of nine years and eight months and resuspended eight years and four months. The revocation in the instant case accurately reflects the suspended time.

evidence presented at the hearing. We conclude that Bell's first argument fails because Bell's federal conviction was never considered in a prior revocation hearing. The capias for the probation violation was withdrawn and vacated after attempts to serve Bell were unsuccessful, and the show cause rule was dismissed, but the court never considered the violation at a previous hearing as is relevant under Code § 19.2-306(D). We further find no evidence that the trial court failed to properly weigh Bell's mitigation evidence against the evidence of multiple allegations of probation violations, including Bell's federal conviction and his failure to make restitution to the victim of the underlying 2015 conviction. The trial court did not abuse its discretion; accordingly, we affirm.

## BACKGROUND

On an appeal of a probation revocation, "we will view the evidence received at the revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable legitimate inferences that may be properly drawn from it." *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013). The trial court's "findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

On June 30, 2015, Bell pled guilty to breaking and entering a dwelling house with the intent to commit larceny under Code § 18.2-91. The discretionary sentencing guidelines recommended an active sentence of between one year and four months and three years and five months, with a midpoint of two years. The trial court imposed a ten-year term of incarceration and suspended nine years and eight months of the sentence. The terms and conditions of the sentencing order included good behavior for ten years, successful completion of the detention center incarceration program followed by the diversion center incarceration program, substance abuse screening, obtaining and maintaining employment and a GED, and restitution of $13,989.94 to Yong Chang, the victim of

- 2 -

the burglary. The order established a payment plan of $200 monthly beginning 60 days after Bell's release from the detention and diversion center programs and established a similar plan for the payment of court costs. The court ordered Bell to report on December 11, 2015, to serve his sentence with credit for time served awaiting trial.

Bell's probation officer issued a major violation report (MVR) on September 6, 2018. The report first described Bell's initial adjustment to supervision as "satisfactory." It then noted that Bell was arrested on June 3, 2017, in Norfolk, but that the charges were subsequently nolle prosequied. It also reported that Bell was arrested on August 12, 2017, in Hampton, and convicted of a misdemeanor possession of marijuana offense, receiving a 30-day suspended jail sentence, a fine and court costs, and a year of unsupervised probation. The report further recounted that Bell tested positive for marijuana on three occasions between October 2017 and May 2018, was instructed to enroll in an outpatient substance abuse treatment program, and was subsequently discharged from the program for noncompliance with the treatment plan and failure to attend classes. Finally, the report stated that Bell had violated his probation condition requiring him to make payments toward the restitution of $13,989.94 ordered by the trial court.[2]

The sentencing revocation report dated January 17, 2019, denoted that the probation violation guidelines did not apply because the new conviction was a Condition 1 violation. The trial court found him guilty of the violation, sentenced him to nine years and eight months of incarceration, and resuspended eight years and four months, leaving an active incarceration of one year and four months. The court continued all other conditions for the suspended sentence. Bell was released on April 8, 2019.

---

[2] A $531.55 payment was sent to the York County clerk's office from Bell's detention and diversion center earnings.

Through an October 8, 2020 MVR, Bell's probation officer informed the trial court that Bell was charged with multiple offenses on May 8, 2019, and on December 28, 2019; the charges were nolle prosequied in the Newport News General District Court in July 2020. The MVR also included a violation of Condition 1 of Bell's probation conditions, requiring him to "obey all Federal, State and local laws," for Bell's September 9, 2020 guilty plea to a charge of a felon in possession of a firearm in federal court, and a violation for his continued non-payment of the restitution.

The trial court issued a capias on October 19, 2020. Bell failed to appear at four successive hearings.[3] At the March 18, 2021 hearing, the court noted that the capias had not been served and granted the Commonwealth's motion to withdraw and vacate the capias. The court also dismissed the rule to show cause.

On October 2, 2023, Bell's probation officer submitted an MVR alleging that Bell had absconded from supervision. The report recounted that Bell had been in federal prison following his conviction for the firearms offense between July 2020 and March 8, 2022, and again from March 23, 2022 to August 2022. The report stated that Bell's probation officer made numerous efforts to contact Bell upon his last release in August 2022, including contacting the Bennettsville, South Carolina, federal prison for a new address. The prison informed the officer that Bell said he would live at 1541 Paul Jack Drive in Hampton upon release, which was the same address the probation officer had on file. Using that address, one notice of hearing letter was returned to probation; after a second was sent but not returned, Bell's whereabouts remained unknown.

The trial court issued a capias for Bell's arrest on October 5, 2023. Bell was arrested on November 9, 2023, held without bond after a hearing on November 21, 2023, and ordered to appear on November 28, 2023, for a revocation hearing. The sentencing revocation report prepared for the

_____

[3] The hearing dates were December 8, 2020, January 19, 2021, March 16, 2021, and March 18, 2021.

- 4 -

November 28 hearing alleged violations for failure to obey all federal and state laws, failure to report as instructed, absconding from supervision, and failing to pay restitution. The calculated guideline sentence was a range of six months to one year and six months.

At the hearing, the trial court reviewed the procedural posture of the case, including the second probation violation that was never served, and for which the capias was withdrawn. Bell testified that he was aware that a probation violation was filed and dismissed during his time in federal custody, and said he was told about it by a probation officer at the federal prison. He said that he "was being told that federal probation takes over any type of probation you have." The trial judge questioned Bell on why he had believed that he did not have any state probation obligations remaining upon his release from federal prison. At different moments, Bell indicated that a federal probation officer, a counselor, or federal inmates had informed him that he no longer had state probation. Bell likewise said that he had not paid any restitution because he believed he no longer had state probation. And he said that he did not report upon his release because the address that state probation was using was wrong. In response to why state probation did not have his current address, Bell responded "[t]hey had it. They had to have it. I have a sibling that's on probation."

As mitigation, Bell testified that he had full custody of his eight-year-old daughter and had a son due to be born on December 18. He said he had a job, had "really cleaned up his act," and had completed an "anger management and a drug class" upon his entry into the federal prison. He also testified that he had successfully been paying his child support obligations and federal probation fines.

The court questioned Bell on his compliance with federal probation, noting that "[l]ast week you testified under oath that you were totally compliant with your federal probation" but the trial court referred to a federal probation letter dated November 26, 2023, stating that a petition had been filed to revoke his supervised release and suspended federal sentence.

In closing, Bell's attorney argued that the prior dismissal of the rule to show cause for Bell's probation violations should be classified as a dismissal with prejudice of the probation violation. Bell's attorney also highlighted the mitigating circumstances that Bell had testified to, arguing that Bell had done "a fair amount of things positive" while on probation and was "getting his life back together." Bell's attorney further argued that Bell's misunderstanding regarding the interaction between his federal and state probation conditions was understandable, especially considering that he had been informed of a "dismissal" while in prison.

The trial judge stated that this was "the first time the Court [had] considered the new allegations of conditions one, four, eleven, absconding,[4] and the failure to pay restitution." The court found that because there was no prior hearing, there was no "jeopardy" in proceeding in this case. The court proceeded to find Bell guilty of four probation violations. First, the trial judge said to Bell, "In speaking with inmates in federal custody, you can't just hear what you want to hear and put your head in the sand and shirk any obligations that this Court has imposed." The trial judge also noted that Bell had been convicted of a federal firearms offense within two years of his previous probation violation. Finally, the court noted Bell's noncompliance with his restitution obligations.

The court revoked the suspended eight years and four months and resuspended seven years with the same terms and conditions as previously imposed. For his failure to pay restitution, the court ordered that Bell pay $200 a month beginning 120 days after his release "to make the victim financially whole." The court memorialized its findings in its order of revocation. Bell appeals.

---

[4] Condition 11 is absconding.

ANALYSIS

On appeal, Bell contends that the trial court abused its discretion by revoking his nine-year-and-eight-month[5] suspension and resuspending only seven years.[6] First, Bell alleges that some of the grounds for the revocation were previously dismissed. Second, he argues that the court failed to give proper weight to his mitigating circumstances in the revocation hearing.

I. The trial court properly considered Bell's federal firearms conviction.

A. Standard of Review

A "trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion'" in revocation appeals. *Jacobs*, 61 Va. App. at 535 (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

> If any court has, after hearing, found no cause to impose a sentence that might have been originally imposed, or to revoke a suspended sentence or probation, then any further hearing to impose a sentence or revoke a suspended sentence or probation, based solely on the alleged violation for which the hearing was held, shall be barred.

Code § 19.2-306(D).

B. Analysis

Bell argues that the trial court abused its discretion because its revocation of his sentence was partly based on his noncompliance with a probation condition requiring him to "obey all Federal, State and local laws" due to his 2020 guilty plea for a federal firearms offense, for which he was sentenced in 2021; Bell argues that this violation was previously dismissed as a ground for revocation. The relevant statutory provision, Code § 19.2-306(D), bars further sentence revocation hearings on the basis of a particular alleged probation violation when "any court has

---

[5] *See supra* note 1.

[6] Although presented as a single assignment of error, we address the two parts separately for clarity.

[previously], after hearing, found no cause to impose a sentence . . . or to revoke a suspended sentence or probation" on the grounds of that same alleged violation. Code § 19.2-306(D). Here, there was no prior hearing in which the court considered the relevant violation. The original rule to show cause for that violation was dismissed after the capias was withdrawn and vacated—following unsuccessful attempts to serve Bell while he was in prison—but no hearing on the violation occurred, and no court decided whether there was cause to revoke Bell's sentence on that ground. *See id.* Therefore, it was proper for the court, here, to hold "further hearing[s] to . . . revoke a suspended sentence . . . based" on Bell's noncompliance with his obligation to follow the laws due to his federal conviction.

II. The trial court did not err in its consideration of Bell's mitigating circumstances.

A. Standard of Review

"If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then a court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). Under Code § 19.2-306.1, while the court's sentencing is constrained in response to "technical" and "good conduct" violations, a trial court finding that the defendant, instead, "was convicted of a criminal offense that was committed after the date of the suspension . . . may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

It is within the trial court's purview to weigh a defendant's mitigation evidence in determining his sentence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The court is not "obligated to find that the evidence highlighted by the appellant actually mitigated his crime." *Celluci v. Commonwealth*, 77 Va. App. 36, 52 (2023) (en banc) (citing *Keselica*, 34 Va. App. at 36). "Barring clear evidence to the contrary, this Court will not presume that a trial

court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992).

> B.  Analysis

Bell argues that the court failed to give the proper weight to his mitigating circumstances, including his age, employment, successful payment of child support and federal probation fines, completion of anger management and substance abuse class, and the contribution of his misunderstanding regarding his state and federal probation conditions to his failure to report to the state probation officer.  Because Bell's sentence revocation was based partly on his conviction of an offense committed after the sentence suspension, it was within the court's power to reimpose part or all of Bell's prison sentence.  Code § 19.2-306.1(B).  The burden was on Bell to prove that his mitigation evidence lessened his "moral culpability for the crime committed." *Celluci*, 77 Va. App. at 49 (quoting *Wilson v. Commonwealth*, 54 Va. App. 631, 642 (2009)).  While Bell's testimony presented several mitigating factors, the record also reflected that during the relevant period, Bell was convicted of a federal gun charge, did not pay court-ordered restitution, and did not report to his state probation officer.  Bell's testimony that his failure to report was due to incorrect advice he received in prison was also mitigation evidence within the judge's purview to consider or reject. *See id.*

The trial judge was not obligated to be persuaded that the mitigating circumstances Bell presented outweighed his violations in this case, *see Celluci*, 77 Va. App. at 49, and there is no reason to believe that the trial judge did not consider mitigating factors, s*ee Bassett*, 13 Va. App. at 584.  Before announcing his decision, the trial judge questioned Bell about his reasons for noncompliance.  In announcing his decision, the judge indicated that he was not persuaded by Bell's arguments regarding a misunderstanding of his state probation conditions.  And he

emphasized Bell's subsequent conviction of a federal crime. We find no abuse of discretion in the trial court's consideration of the evidence and imposition of sentence.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*